IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JANEL FOSTER                                                                                 PLAINTIFF

vs.                                       Civil No. 3:21-cv-03074

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                              DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Janel Foster ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Timothy L. Brooks referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.**      **Background:**

Plaintiff protectively filed her disability application on May 28, 2019. (Tr. 13).[1] In her application, Plaintiff alleges being disabled due to osteoarthritis, fibromyalgia, hypercalcemia, patellofemoral pain syndrome, depression, and anxiety. (Tr. 180). Plaintiff alleges an onset date of December 15, 2017. (Tr. 13). Her application was denied initially and again upon reconsideration.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

1

*Id.*

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 35-72). Plaintiff's administrative hearing was held on October 28, 2020. *Id.* This hearing was held in Fort Smith, Arkansas. *Id.* Plaintiff was present and was represented by counsel, Meghan Gallo, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Debra Steele testified at the administrative hearing in this matter. *Id.*

On January 25, 2021, the ALJ issued an unfavorable decision denying Plaintiff's disability application. (Tr. 10-33). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2022. (Tr. 15, Finding 1). The ALJ determined Plaintiff had engaged in Substantial Gainful Activity ("SGA") since September 15, 2017, her alleged onset date. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following non-severe impairments: mild degenerative disc disease of the cervical and lumbar spine and mild joint disease of the hands, feet, and knees. (Tr. 16, Finding 3).

The ALJ determined Plaintiff had the following severe impairments: fibromyalgia, bilateral carpal tunnel release, depression, anxiety, and posttraumatic stress disorder. (Tr. 16-17, Finding 4). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that meet or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17-19, Finding 5).

In this decision, the ALJ found Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 26, Finding 8). As for her education, the ALJ found Plaintiff had at least a high school education. (Tr. 26, Finding 9).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 19-25, Finding 6). First, the ALJ evaluated Plaintiff's

subjective complaints, and the ALJ found those subjective complaints were not entirely credible.

*Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). She is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, sit 6 hours in an 8-hour workday, and stand and/or walk 6 hours of an 8-hour workday. She is limited to occasional balancing, stooping, kneeling, crouching, crawling and occasionally climbing of ramps, stairs, ladders, ropes, and scaffolds. She is limited to simple routine repetitive tasks with few variables and little judgment required, and supervision that is simple, direct and concrete, and limited to social interaction that is routine and superficial.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 25-26, Finding 7). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon this testimony, the ALJ determined Plaintiff was unable to perform her PRW. *Id.* The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 26-27, Finding 11). The VE also testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform work in the following three occupations: (1) housekeeping cleaner (light, unskilled) with approximately 398,985 such jobs in the national economy; (2) apparel stock checker (light, unskilled) with approximately 12,315 such jobs in the national economy; and (3) merchandiser marker (light, unskilled) with approximately 256,150 such jobs in the national economy. (Tr. 27, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 1-6). On September 14, 2021, the Appeals Council denied this request for review. *Id.* On November 2, 2021, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 14, 20. This matter is now ripe for consideration.

    **2.**    **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that wouldhave supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses

the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 14 at 1-14. In making this claim, Plaintiff raises three issues for reversal: (1) the ALJ did not meet her burden at Step Five because she improperly based her decision upon the unreliable testimony of the VE; (2) the ALJ did not meet her burden at Step Five because she failed to identify jobs that exist in significant numbers in the region; and (3) the ALJ's decision is constitutionally deficient. *Id.* Because the Court finds the ALJ failed to meet her burden at Step Five, this case must be reversed and remanded. Thus, the Court will only address the first issue for reversal.

As recognized above, at Step Five of the Analysis, the SSA has the burden of demonstrating the claimant is able to perform "other jobs in the national economy." *See Snead v. Barnhart,* 360 F.3d 834, 836 (8th Cir. 2004). *See also* 20 C.F.R. § 404.1520(g) (2012). Here, to meet that burden,

5

the ALJ relied upon the testimony of the VE. (Tr. 26-27, 65-71). With this testimony, the VE identified three jobs Plaintiff could perform: housekeeping cleaner, apparel stock checker, and merchandiser marker. (Tr. 27). The VE also identified the total number of jobs in the national economy Plaintiff retained the capacity to perform. *Id.*

Upon cross-examination, the VE testified as to the source of her opinions: U.S. Publishing. (Tr. 68). This exchanged occurred as follows:

> Q: Dr. Steele, what do you use for your job number data?
>
> A: The—it is the Occupational Employment Quarterly II, 3.2, Second Quarter of 2020, U.S. Publishing.

*Id.*

Upon further questioning, the VE testified she could not validate or testify to the accuracy of the numbers she supplied for these occupations:

> Q: How did you break them down into specific DOT [Dictionary of Occupational Titles]?
>
> A: The—those are SkillTRAN numbers.
>
> Q: So you—the job numbers that you've given from U.S. Publishing, but you have numbers available from SkillTRAN?
>
> A: Exactly. I have them broken down in both ways. *I always give U.S. Publishing.*
>
> . . .
>
> Q: Okay.
>
> A: —their software, and you can pull up each individual DOT.
>
> Q: Okay. Do you know how they do that, what their prepared—
>
> *A: I had wrote on there how they do that, but as far as regurgitating it, I could not. I'm—I would have to let one of their spokespersons say—explain it.*

(Tr. 69) (emphasis added).

In her briefing, the SSA argues the VE is permitted to use data from reliable sources, such as the DOT and U.S. Publishing. ECF No. 20 at 12-13. The Court accepts that argument in part. The SSA is indeed correct that the VE is fully permitted to rely upon the DOT. *See, e.g., Jordan v. Astrue,* 390 F. App'x 611, 611-12 (8th Cir. 2010) (recognizing the "Secretary may take administrative notice of any 'reliable job information,' including both the DOT and the Job Service Summaries"). Under the Social Security Regulations, the SSA takes "[a]dministrative notice of job data" that includes "reliable job information available from various governmental and other publications." 20 C.F.R. § 404.1566(d).

As the SSA states, "[f]or example, we will take notice of—(1) Dictionary of Occupational Titles, published by the Department of Labor; (2) County Business Patterns, published by the Bureau of Census; (3) Census Reports, also published by the Bureau of Census; (4) Occupational Analyses, prepared for the Social Security administration by various State employment agencies; and (5) Occupational Outlook Handbook, published by the Bureau of Labor Statistics." *Id.*

In the present action, however, the VE *did not* testify she relied upon the DOT. (Tr. 68-69). Instead, as recognized above, she testified she relied upon the statistics from U.S. Publishing. U.S. Publishing is not included in the list above. *See* 20 C.F.R. § 404.1566(d). When cross-examined on the reliability of U.S. Publishing, the VE could not verify the reliability of any of their statistics. (Tr. 69). Instead, she directed Plaintiff's attorney to speak with the "spokesperson" of that company. *Id.* Even the SSA admitted in her briefing that "Plaintiff is correct that U.S. Publishing's OEQ is not one of the resources that 20 C.F.R. § 404.1566(d) specifically holds out as having been the subject of administrative notice." *See* ECF No. 20 at 13.

As such, apart from the VE's speculation, there is no demonstration that this information is at all accurate or reliable. Based upon this record and the VE's failure to respond to these questions

on cross-examination as to accuracy and validity of this data, the Court cannot find this is "reliable job information" such that the SSA has met her burden under Step Five. Absent a showing a of such "reliable job information," this case should be reversed and remanded.

4.  **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 20th day of September 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE